UNION BANK OF ROCHESTER, Respondent, *v.* LUTHER C. BENEDICT, Appellant, Impleaded with MARCUS HIRSHFIELD.

*Note — question whether money paid was usury or the consideration for an indorsement.*

The question whether a note was, in the transaction between the maker and an indorser, usurious, or whether the money paid by the maker to the indorser was given in consideration of its indorsement by the latter, is properly submitted to the jury on the trial of an action on the note, although the plaintiff offers in evidence a bond and mortgage given by the maker to the indorser of the note at a date prior to that of the note, to secure the latter for indorsements which he might thereafter make for the maker.

APPEAL by the defendant, Luther C. Benedict, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 21st day of October, 1897, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 21st day of October, 1897, denying said defendant's motion for a new trial made upon the minutes.

*Charles A. Widener*, for the appellant.

*George Truesdale*, for the respondent.

FOLLETT, J.:

This action was begun May 28, 1896, to recover on a promissory note, dated September 23, 1895, by which Luther C. Benedict promised to pay, six months after date, with interest, $2,985 to Marcus Hirshfield, or order, at the Union Bank, which note was indorsed by the payee and James H. Doty, and was discounted by the plaintiff. Marcus Hirshfield, the payee, does not defend this action, and James H. Doty is not a party to it. Luther C. Benedict, the maker of the note, defends on the ground that it is usurious. It is agreed that the transactions out of which the note arose were between James H. Doty and the appellant, Luther C. Benedict, and that whatever money Benedict received he received from Doty. It is also conceded that Benedict paid Doty large sums of money to secure the loans of the sums advanced to him in consideration of the loans, or in consideration of the indorsements of Doty. The defendant testified that he borrowed the money of Doty and gave

him large usurious premiums for the loans. It is not denied by the bank that Benedict paid large sums to Doty, but it asserts that they were paid to Doty in consideration of his indorsements of the notes for loans of credit. Benedict testified in the most positive terms to usurious agreements between himself and Doty, which resulted in the note in suit. Doty was not a witness. The plaintiff's attorney, who seems to have acted as the agent of Doty, testified that when the note in suit was discounted he procured it to be done, and that upwards of $300 were paid to Benedict and the remainder applied in payment of an old note or notes made by Benedict and indorsed by Doty then overdue in the bank. Benedict testified that when the note was discounted he received no money; that the whole amount of the note went in payment of prior notes. Benedict testified that the former notes, which were merged in the note in suit, were given upon usurious considerations, and that he never received any money from the bank, but that all the sums received on account of the various notes were received directly from Doty, which evidence is not disputed. Truesdale, plaintiff's witness, does not deny the testimony of Mr. Benedict, and, in fact, he does not claim to have been present or to have any knowledge of the origin of the previous notes. The plaintiff offered in evidence the bond and mortgage of Benedict, dated December 16, 1889, given to Doty to secure him for indorsements which he might thereafter make for Benedict. This is a circumstance tending to show a loan of credit, but it is only a single fact and is not conclusive. At the close of the evidence the defendant asked the court to submit the question of usury to the jury, which was refused and an exception taken, and thereupon the court directed a verdict for the plaintiff. This was error. There was a clear question of fact for the jury as to whether the transaction was a loan of credit or a loan of money at an usurious rate, and if in form it was a loan of credit, whether it was intended as a cover for an usurious transaction.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.